UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KASHAWN A. FASHAW,

           Plaintiff,

-against-

THE STATE OF NEW YORK, *et al.*,

           Defendants.

21-CV-2336 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is incarcerated in Attica Correctional Facility, filed this *pro se* complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. On April 25, 2021, the Court granted Plaintiff leave to proceed *in forma pauperis* (IFP). By order dated May 17, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed a second amended complaint on September 23, 2021, and the Court has reviewed it. For the following reasons, the Court dismisses the second amended complaint, but grants Plaintiff leave to replead as to certain claims.

## BACKGROUND

    Plaintiff was detained in the Otis B. Bantam Center (OBCC) on Rikers Island when he filed the original complaint, which is 670 pages long, including attachments.[1] The Court's May

---

[1] The named defendants in the original complaint included the City of New York; the Mayor of the City of New York; the OBCC Warden; employees of the New York City Department of Correction (DOC); the New York City Office of Mental Health and other city agencies; the State of New York; the Governor of the State of New York; the Commissioner of the New York State Department of Corrections and Community Supervision (DOCCS); the Commissioner of the New York State Office of Mental Health for Corrections; the Commissioner of the New York State Board of Parole (does this still exists, wasn't it made part of DOCCS?); and multiple unidentified "John" and "Jane Doe" parole officers and employees of the New York State Office of Mental Health. (*Id.*, ECF 2.)

17, 2021 order to amend details the allegations in that pleading. The Court assumes familiarity with that order, and summarizes those allegations here only briefly:

Beginning in 2009, Plaintiff cycled in and out of City and State correctional custody and the New York City homeless shelter system; he was subjected to cruel and unusual punishment, denied adequate mental health treatment, and was released without discharge planning into unhealthy living situations. In 2015, Plaintiff became addicted to prescribed opioid medication and crack cocaine, which impaired his cognitive abilities and resulted in new arrests and detentions. While detained in the OBCC, he was denied adequate mental health treatment.. Plaintiff has pending motions in the state courts in which he challenges one or more arrests or convictions. (ECF 2, 2-1 at 41-73.)

In the May 17, 2021 order, the Court instructed Plaintiff that he had not provided facts showing that any properly named defendant was personally involved in violating his constitutional rights, that any individual defendant had been deliberately indifferent to his health or safety during his incarceration, or that the City of New York should be held liable for what had occurred. In addition, the Court explained that: (1) New York State and its agencies are immune from suit for damages; (2) many of Plaintiff's claims appeared to be untimely or arose from events occurring in other federal judicial districts; and (3) that the Court would not intervene in his ongoing state criminal proceedings. The order informed Plaintiff that he could seek federal court review of a state court conviction or jail time calculation by filing a *habeas corpus* petition, but only after exhausting his state court remedies. The Court made clear that, at the pleading stage, Plaintiff need not attach documents or otherwise prove his allegations. The Court directed Plaintiff to file an amended complaint containing a "clear and concise recounting of the events giving rise to this complaint, an explanation of how each named defendant was personally

involved in what occurred, and showing that his claims are timely or that there is some basis for tolling the statute of limitations." (ECF 11.)

Plaintiff's second amended complaint is 211 pages long, with attachments, and suffers from the same problems as the original pleading.[2] (ECF 16.) The list of defendants is largely unchanged, and Plaintiff again attaches multiple documents without explaining their relevance to his claims. Plaintiff asserts that since 2009, Defendants have "acted in concert" or "failed to act," and that as a result, his mental health conditions went undiagnosed or were misdiagnosed, and he was denied drug treatment and other rehabilitative programs, which "negatively impacted" him and "elevated bad outcomes." More recently, Plaintiff alleges that, at OBCC, he was improperly classified as a gang member, attacked by other prisoners, and exposed to COVID-19. (*Id.*, ECF 16 at 6-8, 16-19, 21-26, 35.) Plaintiff reiterates that he has been denied "custody credit," was arrested in 2019 on a parole violation pursuant to a "negligent warrant," and that the "warrant squad harassed" him. (*Id.* at 25-30.)

## DISCUSSION

While the Court is required to construe *pro se* pleadings liberally, "the basic requirements of Rule 8 [of the Federal Rules of Civil Procedure] apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004). Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of

---

[2] Plaintiff filed an amended complaint on August 2, 2021. (*Id.*, ECF 13.) The Court reviewed it, but it suffers from the same deficiencies as the original complaint. Once Plaintiff filed the second amended complaint, it became the operative pleading.

3

what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

The Court is not required to "comb the record" in search of evidence in support of Plaintiff's position. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 214 (N.D.N.Y. 2008) (citation omitted); *see Jemmott v. N.Y. City Transit Auth.,* 15-3510-cv, 2016 WL 4719056, at *2 (2d Cir. Sept. 9, 2016) (upholding dismissal under Rule 8(a) because the plaintiff "did not set forth a statement or summary of the facts and almost exclusively relied on attached documents, many of which were unidentified and alluded to numerous non-chronological and unconnected events spanning a number of years and interspersed with seemingly irrelevant information"); *compare with Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (holding that "despite [its] shortcomings, the amended complaint substantially complies with Rule 8" because it "identifies discrete defendants and the actions taken by these defendants that purportedly violated Harnage's Eighth Amendment rights.")

The second amended complaint fails to comply with federal pleading rules, and does not remedy the problems set forth in the May 17, 2021 order. Plaintiff again: (1) names defendants who are immune from suit or are not suable entities, (2) fails to provide facts explaining when and where the underlying events occurred or how any defendant personally violated his rights, and (3) once again, attaches scores of documents without explaining their relevance to his claims. Plaintiff asserts new claims arising from his detention in OBCC on Rikers Island, but does not provide sufficient facts for those claims to proceed. Accordingly, the second amended complaint is dismissed for failure to state a claim on which relief may be granted, and on immunity grounds. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

**LEAVE TO AMEND**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

In an abundance of caution, the Court grants Plaintiff leave to replead his claims arising from his detention at OBCC within 60 days. Plaintiff should not assert claims occurring more than three years before he filed the original complaint, or seeking this Court's intervention in ongoing state court criminal proceedings.

First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the third amended complaint.[4] The naming of "John Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the third amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

5

after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the third amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the third amended complaint that Plaintiff wants the Court to consider in deciding whether the third amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's third amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. The third amended complaint will completely replace, not supplement, all prior pleadings. Plaintiff is once again reminded that at this stage, the Court assumes the truth of his assertions, **so he need not attach documents or provide other evidence to his pleading**. What the Court requires is a clear, concise, and neatly written account of the facts giving rise to this action.

## CONCLUSION

Plaintiff's second amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Plaintiff is granted leave to replead his claims arising in OBCC in a third amended complaint that complies with the standards set forth above. Plaintiff must submit the third amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Third Amended Complaint," and label the document with docket number 21-CV-2336 (LTS). A Third Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the third amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 5, 2021
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                           Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name          Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6