UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KASHAWN A. FASHAW,

                                Plaintiff,            21-cv-2336 (JGK)

                - against -                           ORDER

THE CITY OF NEW YORK, ET AL.,

                                Defendants.
_____

JOHN G. KOELTL, District Judge:

    The plaintiff, who is currently incarcerated at Attica
Correctional Facility, brought this pro se action under 42
U.S.C. § 1983, alleging that the defendants violated his
constitutional rights. By order dated April 25, 2021, the Court
granted the plaintiff's request to proceed without prepayment of
fees, that is, in forma pauperis ("IFP").[1]

                                I.

    The Prison Litigation Reform Act requires that federal
courts screen complaints brought by prisoners who seek relief
against a governmental entity or an officer or employee of a
governmental entity. See 28 U.S.C. § 1915A(a). The Court must
dismiss a prisoner's IFP complaint, or any portion of the
complaint, that is frivolous or malicious, fails to state a
claim upon which relief may be granted, or seeks monetary relief
from a defendant who is immune from such relief. 28 U.S.C. §§

_____
[1] Prisoners are not exempt from paying the full filing fee even when they have
been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). But the "special solicitude" in pro se cases, id. at 475, has its limits — to state a claim, pro se pleadings still must comply with Federal Rule of Civil Procedure 8, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Federal Rule of Civil Procedure 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. Id. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. Id. at 678-79.

## II.

The plaintiff filed his first complaint on March 15, 2021. ECF No. 2. The original complaint alleged that, from 2009 through 2019, the plaintiff cycled in and out of city and state custody and the homeless shelter system. Id. The plaintiff alleged that he was subjected to unconstitutional conditions of confinement, denied medical and mental health treatment, and released from custody without a discharge plan or services. Id. The plaintiff also challenged on several grounds the legality of his custody during that time. Id. On May 17, 2021, Chief Judge Swain issued a sua sponte order explaining that the plaintiff had failed to state a claim upon which relief could be granted, and directing the plaintiff to file an amended § 1983 complaint that complied with the federal pleading rules.[2] ECF No. 11. In

---

[2] The complaint was problematic on multiple grounds: it was untimely with respect to many of the claims; the plaintiff named scores of defendants without explaining how they were personally involved in what occurred, and

that order, Chief Judge Swain also informed the plaintiff that, to challenge the fact or duration of his custody, he was required to file a habeas corpus petition under 28 U.S.C. § 2254 after exhausting all available state-court remedies. Id.

The plaintiff filed the first amended complaint on August 2, 2021. ECF No. 13. By order dated August 4, 2021, Chief Judge Swain granted the plaintiff an opportunity to replead his claims. ECF No. 14. On September 23, 2021, the plaintiff filed a second amended complaint, ECF No. 16, but Chief Judge Swain determined that it suffered from the same deficiencies as the original pleading, ECF No. 17. Chief Judge Swain therefore dismissed the plaintiff's claims on November 5, 2021, and granted the plaintiff another opportunity to replead his claims. Id.

On January 19, 2022, the plaintiff filed a third amended complaint. ECF No. 18. In it, the plaintiff repeats many of the claims pleaded in his original complaint, including that he was wrongfully imprisoned on at least one occasion, that at least one of his criminal sentences was wrongfully computed, and that he was deprived of discharge planning on at least one occasion after his release from state custody. See id. The plaintiff also alleges that, during several periods of detention at Rikers

_____

many of whom were either immune from suit or not proper defendants under § 1983; and many of the facts asserted did not appear to give rise to any viable § 1983 claims.

Island between 2019 and 2020, he was erroneously labeled as a gang member and repeatedly housed with Security Risk Group ("SRG") detainees who assaulted him on a number of occasions. Id. at 15-16. The plaintiff asserts that jail officials failed to act on his complaints about this issue, see, e.g., id. at 69-88, 96-98, and he attaches to the complaint the grievances that the plaintiff filed and other documentation regarding the assaults, see, e.g., id. at 110-128, 134-136, 139-149, 154-156, 163-166, 181-190, 220. The plaintiff also alleges that he was denied mental health treatment on various occasions while he was incarcerated in 2020, id. at 17-22, despite filing grievances and other complaints, examples of which he attaches to his complaint to this Court, see, e.g., id. at 105-109, 260-263, 264-265, 266-273. In one of these grievances, the plaintiff noted that he feared becoming a physical danger to himself and others "at unpredictable instances." Id. at 109.

After the submission of the third amended complaint, this matter was reassigned to this Court.

### III.

### A.

The plaintiff's third amended complaint alleges some serious injuries. Specifically, the plaintiff claims that corrections officials at Rikers Island falsely labeled him as a gang member, and failed to remove this designation or otherwise

protect the plaintiff after the plaintiff was assaulted and injured by gang members on several occasions and the plaintiff filed various complaints. The plaintiff also alleges that various government officials, both in the prison system and in the state and local health systems, failed to provide him with proper mental health screening and care after the plaintiff filed complaints that he was not being properly cared for.

However, the plaintiff fails to identify a proper defendant for either of these claims. Fist, as Chief Judge Swain recognized in her May 17, 2021 order, the complaint does not set forth facts giving rise to an inference that a municipal policy, custom, or practice caused the events giving rise to the plaintiff's complaint, and accordingly the claim for municipal liability against the City of New York (the "City") must be dismissed. If the plaintiff seeks to hold the City liable for what occurred, he must set forth facts showing that a city policy, custom, or practice caused his injury. "[T]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). To the extent that the plaintiff seeks to bring a claim against the City under a failure-to-train theory, the plaintiff should identify a specific deficiency in the City's training program or

otherwise provide greater detail from which the Court could infer that the misconduct alleged was not just an isolated incident involving the plaintiff.

Second, the plaintiff fails to identify the specific individuals who either (1) misclassified him as a gang member and failed to protect him thereafter, or (2) failed to provide him with adequate mental health care, and the claims against the John and Jane Doe defendants for deliberate indifference on either basis must therefore be dismissed. The plaintiff is advised, as Chief Judge Swain noted in her November 5, 2021 order, that a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift." If the plaintiff identifies individual defendants who were personally involved in state law torts against him, he may be able to allege a claim against the employer of those defendants.

The plaintiff's claims for municipal liability and for deliberate indifference on the basis of both the plaintiff's misclassification as a gang member and his denial of mental health care are accordingly **dismissed without prejudice** for failure to state a claim on which relief may be granted. The plaintiff may file an amended complaint as to these claims.

**B.**

However, the plaintiff's remaining § 1983 claims are dismissed for the reasons set forth in the two orders issued by Chief Judge Swain. The claims that the plaintiff brings regarding the fact or duration of his custody are dismissed without prejudice to any habeas corpus petition he might file after exhaustion of all state court remedies.

**CONCLUSION**

The plaintiff's third amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The plaintiff is granted leave to replead his municipal liability claim against the City and his deliberate indifference claims in a fourth amended complaint. The plaintiff is advised that this amended complaint should include a clear and concise account of the facts giving rise to these claims. The plaintiff should not include facts pertaining to those claims that the Court has dismissed with prejudice. The plaintiff is also reminded that, at this stage, the Court assumes the truth of his assertions, and therefore he need not attach documents or provide other evidence in support of his amended complaint.

The plaintiff must submit the fourth amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this Order, caption the document as a "Fourth Amended

Complaint," and label the document with docket number 21-CV-2336 (JGK). A Fourth Amended Civil Rights Complaint form is attached to this Order.

No summons will issue at this time.

If the plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the fourth amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to the plaintiff and to note service on the docket.

**SO ORDERED.**

**Dated:**   **New York, New York**
         **February 28, 2022**

John G. Koeltl
United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

FOURTH AMENDED
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____